IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 91-475

THE ASSOCIATED PRESS; BIGFORK
EAGLE; BILLINGS GAZETTE; BOZEMAN
DAILY CHRONICLE; BUTTE MONTANA
STANDARD; CARBON COUNTY NEWS;
GREAT FALLS TRIBUNE; HAMILTON
RAVALLI REPUBLIC; HAVRE DAILY NEWS;
HELENA INDEPENDENT RECORD; HUNGRY
HORSE NEWS; KALISPELL DAILY INTER
LAKE; KECI-TV, MISSOULA; KFBB-TV,
GREAT FALLS; KPAX-TV, MISSOULA;
KRTV-TV, GREAT FALLS; KTVQ-TV,
BILLINGS; KULR-TV, BILLINGS; KXLF-
TV, BUTTE; LEWISTOWN NEWS-ARGUS;
LIVINGSTON ENTERPRISE; MILES CITY
STAR; MISSOULA MISSOULIAN; MONTANA
BROADCASTERS ASSOCIATION; and
MONTANA NEWSPAPER ASSOCIATION;

    Plaintiffs,

    v.

THE STATE OF MONTANA,

    Defendant.

O P I N I O N

and

O R D E R

FILED

OCT 29 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

On September 30, 1991, the plaintiff news organizations filed with this Court an application for writ of supervisory control, injunction pendente lite, and declaratory relief. They allege that § 46-11-701(6), MCA, is an unconstitutional deprivation of the public's right to know as guaranteed by Article II, section 9, of the Montana Constitution. The Attorney General has filed a written response in which he concedes that § 46-11-701(6), MCA, is unconstitutional. The Criminal Defense Section of the State Bar of Montana has filed an amicus curiae brief opposing the plaintiffs'

petition.

Rule 17(a), M.R.App.P., provides:

> The supreme court is an appellate court but it is empowered by the constitution of Montana to hear and determine such original and remedial writs as may be necessary or proper to the complete exercise of its jurisdiction. The institution of such original proceedings in the supreme court is sometimes justified by circumstances of an emergency nature, as when a cause of action or a right has arisen under conditions making due consideration in the trial courts and due appeal to this court an inadequate remedy, or when supervision of a trial court other than by appeal is deemed necessary or proper.

In this instance, the plaintiffs claim that § 46-11-701(6), MCA, which became effective on October 1, 1991, irreparably harms their ability to gather and disseminate information about pending criminal matters and that they have no adequate and speedy remedy through the normal judicial process to correct this harm. They seek a declaratory judgment that the statute is unconstitutional.

The Court agrees with plaintiffs that this is a constitutional issue of statewide importance and that due consideration in the trial courts and due appeal to this Court would be an inadequate remedy because of the time necessarily involved. We therefore accept original jurisdiction over this matter.

The statutory provision under challenge, subsection (6) of § 46-11-701, MCA, requires that

> [a]n affidavit filed in support of a motion for leave to file a charge or warrant must be sealed unless the judge determines that disclosure of the information in the affidavit is

2

required to protect the health, safety, or welfare of the public.

Subsection (6) was enacted as part of Senate Bill 51, now Ch. 800, L. 1991, a voluminous package of amendments to Montana's criminal procedure statutes. The House Judiciary Standing Committee report of March 26, 1991, in which the Committee recommended that the House concur in Senate Bill 51 as amended, added subsection (6) to that bill. We note that copies of the House Judiciary Committee minutes of March 19, 1991, set forth a lengthy discussion and several amendments to Senate Bill 51; however, no mention is made of subsection (6) of § 46-11-701, MCA, or of a motion to add this amendment. The Criminal Procedure Referral Committee of the State Bar of Montana, which previewed the bill enacted as Ch. 800, L. 1991, had earlier rejected a proposal like subsection (6). In the words of one committee member, "it seemed an onerous restriction on the public's right to know relevant facts about a pending criminal matter."

Plaintiffs' key contention is that subsection (6) violates Article II, section 9, of the Montana Constitution:

> Right to know. No person shall be deprived of the right to examine documents or to observe the deliberations of all public bodies or agencies of state government and its subdivisions, except in cases in which the demand of individual privacy clearly exceeds the merits of public disclosure.

We must first determine whether an affidavit filed in support of a motion for leave to file a criminal charge or warrant is a document

3

of a public body or agency of state government or a subdivision thereof, subject to the provisions of Art. II, sec. 9, Mont. Const.

The provisions of Art. II, sec. 9, Mont. Const., apply to local government. V Mont. Const. Conv. Trans. 1670-71 (1972). The clerk of district court is an office of local government. Art. XI, sec. 3, Mont. Const. We conclude that an affidavit filed with the clerk of a district court in support of a motion for leave to file a criminal charge or warrant is a document of a public body or agency of a subdivision of state government.

Next we consider whether sufficient reasons have been presented to except the affidavits described under subsection (6) from the public's right to know. The standard set forth under Article II, section 9, of the Montana Constitution is that the right to know applies to all documents of a public body or agency of a subdivision of state government "except in cases in which the demand of individual privacy clearly exceeds the merits of public disclosure."

The amicus curiae brief filed by the Criminal Defense Section of the State Bar of Montana includes extensive argument that subsection (6) is justified because a criminal defendant's right to privacy outweighs the public's right to know the contents of affidavits sealed under subsection (6). However, there is nothing in the legislative record to indicate that the legislature determined that, or even considered whether, individual privacy requires that the affidavits described in subsection (6) must be

4

sealed. Nor does subsection (6) require such an evaluation by district judges in individual cases. The standard under subsection (6), that affidavits shall be sealed "unless the judge determines that disclosure of the information in the affidavit is required to protect the health, safety, or welfare of the public," is in fact the antithesis of the standard required under the Montana Constitution.

In addition, subsection (6) represents the reversal of a longstanding policy of allowing public access to such affidavits. In Montana, from the days of territorial government until October 1, 1991, documents filed with clerks of court charging the commission of a criminal offense have been open for public inspection. The perception of fairness in our judicial system, the ability of the criminally accused to defend themselves, and the public's knowledge about criminal proceedings all benefit from allowing public access to affidavits filed in support of a motion for leave to file a charge or warrant.

We hold that § 46-11-701(6), MCA, violates the right to know guaranteed by Article II, section 9, of the Montana Constitution. We therefore order that § 46-11-701(6), MCA, be stricken from the laws of Montana.

Plaintiffs have requested that they be awarded their costs and reasonable attorney fees incurred in this action, pursuant to § 2-3-221, MCA:

> A plaintiff who prevails in an action brought
> in district court to enforce his rights under
> Article II, section 9, of the Montana consti-
> tution may be awarded his costs and reasonable
> attorneys' fees.

Plaintiffs have chosen to bypass a district court action in this case. Their request for costs and attorney fees is therefore denied.

DATED this 29Th day of October, 1991.

_____
                    Chief Justice

_____

_____

_____

_____

_____
                    Justices

6

October 29, 1991

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

James P. Reynolds
Reynolds, Motl, Sherwood & Wright
401 No. Last Chance Gulch
Helena, MT 59601

Hon. Marc Racicot, Attorney General
Clay Smith, Solicitor
Justice Bldg.
Helena, MT 59620

MICHAEL J. SHERWOOD

Attorney at Law
P.O. Box 8142
Missoula, MT 59807

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy