IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 93-518

FILED

NOV 3 0 1993

Smith
STATE SUPREME COURT
OF MONTANA

BEKKI CRAIG,

      Petitioner,

      -vs.-

MONTANA TENTH JUDICIAL DISTRICT COURT,
FERGUS COUNTY, THE HONORABLE PETER
L. RAPKOCH, Presiding Judge,

      Respondent.

)
)  O P I N I O N
)    A N D
)  O R D E R

---

Petitioner Bekki Craig (Bekki) has petitioned this Court for a writ of supervisory control. Bekki alleges that the District Court has committed "manifest error and gross injustice" in proceedings involving an action on a Petition for Temporary Investigative Authority and Protective Services.

Because we are denying the petition, we decline to discuss the factual allegations made by Bekki.

One issue is dispositive here: whether the petition satisfies the elements necessary for this Court to accept jurisdiction and issue a writ of supervisory control.

Extraordinary writs are governed by Rule 17, M.R.App.P., which provides, in pertinent part:

> (a) The supreme court is an appellate court but it is empowered by the constitution of Montana to hear and determine such original and remedial writs as may be necessary or proper to the complete exercise of its jurisdiction. The institution of such original proceedings in the supreme court is sometimes justified by circumstances of an emergency nature, as when a cause of action or a right has arisen under conditions making due consideration in the trial courts and due appeal to

> this court an inadequate remedy, or when supervision of a trial court other than by appeal is deemed necessary or proper.

A writ of supervisory control is one form of extraordinary writ.

We have previously held that the assumption of original jurisdiction for the purpose of exercising supervisory control over a district court is appropriate only when:

(1)   Constitutional issues of major state-wide importance are involved;
(2)   The case involves purely legal questions of statutory and constitutional construction; and
(3)   Urgency and emergency factors exist, making the normal appeal process inadequate.

State ex rel. Nelson v. District Court (1993), ____ Mont. ____, ____ P.2d ____, Cause No. 92-512, decided November 18, 1993. Therefore, before we will even consider the merits of a petition for a writ of supervisory control, the petition must satisfy these three mandatory, threshold elements.

In this case, Bekki's petition does not meet the three elements necessary for the issuance of a writ of supervisory control; in fact, her petition does not meet even one requirement. The petition does not raise any constitutional issues of major state-wide importance, does not involve legal questions of statutory and constitutional construction, and does not allege facts which give rise to an emergency whereby the normal appeal process would be inadequate. We note that Bekki's petition does not even address the three criteria, but merely recites facts which support the allegation that the District Court erred in its decision. The threshold showing has not been met and, under these circumstances, a writ of supervisory control can not and will not

issue.

We note an increasing number of petitions for extraordinary relief are being filed in this Court, especially in domestic relations and related cases such as this. We take this opportunity to re-emphasize that we will not consider such petitions absent the petitioner bringing his or her application within the requirements of Rule 17(a), M.R.App.P., as interpreted by our prior decisions in this area of the law. The filing of a petition, where compliance with those legal mandates is not clearly articulated in the petition, and, in fact, where such prerequisites do not exist, is wasteful of the time and resources of counsel, of the trier-of-fact, of this Court, and, most importantly, merely delays the ultimate resolution of the underlying issues to the detriment of the litigants involved.

IT IS HEREBY ORDERED that Bekki's petition for a writ of supervisory control should be and the same is DENIED.

IT IS HEREBY FURTHER ORDERED that the Clerk of this Court serve counsel and the District Court by mail with a copy of this Opinion and Order.

Dated this 30 day of November, 1993.

_____
Chief Justice

Karla M. Gray

Justices

November 30, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Craig R. Buehler
Attorney at Law
505 W. Main St., Ste. 210
Lewistown, MT 59457

Thomas P. Meissner
Fergus County Attorney
712 W. Main St.
Lewistown, MT 59457

Hon. Joseph P. Mazurek, Attorney General
Elizabeth Baker, Assistant
Justice Bldg.
Helena, MT 59620

Jon A. Oldenburg
Attorney at Law
505 W. Main St., Ste. 309
Lewistown, MT 59457

Hon. Peter Rapkoch
District Judge
Fergus County, P.O. Box 1124
Lewistown, MT 59457


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy