CHIEF JUSTICE TURNAGE
respectfully concurs and dissents.
I do not disagree with the result reached by the majority in this case. However, I dissent to much that has been said in the majority opinion which is overbroad and entirely unnecessary.
The first issue in this case is whether the facts and issues presented are appropriate for resolution by supervisory control.
*381 In State ex rel. Racicot v. District Court (1990), 244 Mont. 521, 798 P.2d 1004, this Court held that assumption of original jurisdiction by supervisory control is proper when three circumstances exist:
(1) constitutional issues of major statewide importance are involved;
(2) the case involves purely legal questions of statutory and constitutional construction; and
(3) urgency and emergency factors exist, making the normal appeal process inadequate.
Racicot, 244 Mont. at 524, 798 P.2d at 1006 (emphasis added).
This three-part test has been followed in our subsequent decisions of Craig v. District Court (1993), 262 Mont. 201, 864 P.2d 791; State ex rel. Nelson v. District Court (1993), 262 Mont. 70, 863 P.2d 1027; and Associated Press v. State (1991), 250 Mont. 299, 820 P.2d 421.
The majority in this case concludes that the issues in this case satisfy all three of the three-part requirements of the Raeicot decision and the cases that followed that decision. The majority, however, goes on to conclude that to the extent that the Raeicot decision requires that all three elements be satisfied before this Court will accept supervisory control, it is necessary to reverse the Raeicot decision and the subsequent decisions that have applied the test as set forth in Raeicot.
To the extent that the majority opinion reverses this prior precedent, I believe the majority opinion is wrong.
Under this new approach to the granting of supervisory control it is entirely possible that all a petitioner need allege is that the issues involved in the petition address constitutional issues of major statewide importance or the case involves a purely legal question of statutory or constitutional construction.
This part of the majority opinion is an open invitation for petitioners to come to this Court and point to this case as precedent asking this Court to intervene and decide the case for them without the necessity of proceeding with a normal appeal process.
This short-cut to questionable justice is inappropriate and undoubtedly will bring to the Supreme Court a great number of extraordinary petitions for supervisory control. I therefore respectfully dissent to the foregoing portion of the majority opinion.
I further dissent to a portion of what has been stated in the majority opinion concerning the second issue in this case, relating to the constitutionality of that portion of § 27-1-703(6), MCA (1995) *382 relating to damages caused or contributed to by unnamed third parties.
I do not disagree with the ultimate result of the Court’s decision in its conclusions on that issue; however, I believe that the Court’s conclusion is far too overbroad and unnecessary.
I agree with that portion of the majority opinion which states:
To the extent that a party defendant is interested in a true and accurate apportionment of liability, our rules of third-party practice and § 27-1-703(4), MCA (1995), already provide the means by which contribution can be sought from those who have been unnamed by the plaintiff but who may have contributed, in fact, to the plaintiff’s injuries and damages. Rule 14(a), M.R.Civ.P, provides that a defendant may join, as a third-party defendant, anyone who may be responsible for any part of the plaintiff’s claim. Section 27-1-703(4), MCA (1995), permits any party against whom a claim is asserted for negligence resulting in death or injury, to join any other party who may have contributed as a cause of the plaintiff’s injury for purposes of contribution. Rule 20(a), M.R.Civ.P., has been identified as the procedural mechanism for that joinder. We conclude that apportionment of liability pursuant to these procedures would be rationally related to the Legislature’s objective of assigning liability based on the degree of a party’s fault for another party’s damages. A person joined as a result of these procedures would be afforded the opportunity to participate in discovery, cross-examine those witnesses who blame him or her, and present evidence on his or her own behalf. Following these opportunities, which are compelled by traditional notions of fairness, any apportionment of liability to that third party is much more likely to bear some relationship to reality.
Having set forth this rational approach to a method of apportionment of liability as a legislative objective in assigning liability based on the degree of a party’s fault for another party’s damages, the majority opinion at that point jumps off the track and states: “The one exception to the third-party practice alternative referred to in the preceding paragraph arises in the situation where a settling tortfeasor may be partially liable for an injured person’s damages.” The majority opinion relies on State ex rel. Deere & Co. v. District Court (1986), 224 Mont. 384, 730 P.2d 396, to support this exception to the third-party practice alternative. This reliance is misplaced.
In Deere this Court stated that “the principal issue we decide here is that a joint tortfeasor who settles with the claimant before judg *383 ment on the claim is entered in a district court is not subject to claims for contribution ... from the nonsettling joint tortfeasors.” Deere, 730 P.2d at 398.
The majority opinion in this case states that “settling tortfeasors may not be named as third party defendants for the purposes of contribution.”
Deere is based upon § 27-1-703, MCA (1981), relating to contribution. Deere does not address the question of apportionment of liability. This Court in Deere stated with relation to the question of contribution, which again I repeat is not an issue in this case, the following:
In reality, our decision on this issue is hinged upon our earlier interpretation of the statute herein that no right of contribution exists from a settling tortfeasor. It would make no sense to keep a settling tortfeasor in the action as an additional defendant or a third party defendant to determine its proportional fault for plaintiff’s injuries, when the nonsettling defendants have no right of contribution from the settling defendant. Contribution under § 27-1-703 is the obligation of “parties against whom recovery is allowed.”
Deere, 730 P.2d at 404.
Contribution and apportionment of liability are two separate and distinct legal concepts. Deere does not support carving out an exception to the third-party practice alternative, and, in doing so, I respectfully submit that the majority opinion is wrong.
Certainly the legislature has a legitimate interest in requiring that adjudication of liability for negligence be properly made based on the proportion of negligence attributable to all parties including the settling tortfeasors and the nonsettling tortfeasors.
In our justice system the fair apportionment of liability among tortfeasors is a legitimate and desirable governmental interest.
There is no doubt that, by carving out the settling tortfeasor exception, the invitation to mischievous and manipulative settlements that will lead to shifting liability to those who should not have to bear the total liability will inevitably result.
Therefore, I respectfully dissent on the second issue as herein stated.