No. 95-574

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA, ex rel.
KATHERINE JONES and TIM LIEN,

Relators,

v.

DISTRICT COURT OF THE FOURTH JUDICIAL
DISTRICT, in and for MISSOULA COUNTY, and
the HONORABLE ED McLEAN, DISTRICT JUDGE,

Respondents.


ORIGINAL PROCEEDING: Application for Supervisory Control

COUNSEL OF RECORD:

For Relators:

Noel K. and Tina J. Larrivee; Larrivee & Larrivee,
Missoula, Montana

For Respondents:

Hon. Joseph P. Mazurek, Attorney General; Harley R. Harris, Assistant
Attorney General, Helena, Montana

Robert L. Deschamps, Missoula County Attorney; Michael W. Sehestedt,
Deputy Missoula County Attorney, Missoula, Montana

For Amicus:

Hon. E. Gardner Brownlee, Retired District Judge, Florence, Montana

Hon. C. Bruce Loble, Chief Water Judge; Michael J. L. Cusick, Water
Master,
Bozeman, Montana


Submitted on Briefs: March 20, 1997
Decided: May 28, 1997
Filed:

_____
Clerk
Justice W. William Leaphart delivered the Opinion of the Court.

On March 28, 1996, this Court granted Katherine Jones' and Tim Lien's (Relators)

application for supervisory control and remanded the matter to the District Court for an evidentiary hearing in order to develop a factual record regarding the contentions before the court.  Hon. Ed McLean, District Judge, Fourth Judicial District, appointed Senior Water Master Kathryn L. W. Lambert to conduct the evidentiary hearing.  After conducting an evidentiary hearing, Senior Water Master Lambert filed a þMasterþs Reportþ with the court on October 30, 1996.  The District Court, noting that no objections were filed to the proposed Findings of the Senior Water Master, adopted the Findings in their entirety.

The issues which are raised in the application for supervisory control and which were addressed by the Senior Water Masterþs 62 Findings of Fact, are as follows:

1.  The District Court exceeded its statutory jurisdiction by performing a de facto adjudication of water rights to Carlton Creek by issuing the 1989 Updated Decree.

2.  None of the conditions allowing a sua sponte decree update to "fill in" clerical or descriptive deficiencies in the decree as allowed under Cate v. Hargrave, 209 Mont. 265 (1984) and Quigley v. McIntosh, 110 Mont. 495 (1940) were present when the Order Authorizing Updated Decree was entered.

3.  The District Court erred by issuing the 1989 Updated Decree without first providing notice and hearing to all interested parties.  Relators' and other Carlton Creek claimants' water rights were altered and reduced without their knowledge until the inadvertent discovery of the 1989 Updated Decree.

4.  The 1989 Updated Decree contains substantial errors and mistakes that materially affect the right of Relators.

5.  Judge Brownlee had a conflict of interest in the subject matter of the Updated Decree.

6.  The 1989 Updated Decree has been used as the basis for allocating Carlton Creek causing the premature shut off of water to Relators and other claimants in violation of their priority rights under the 1982 Decree, and will continue  to be used unless the District Court's November 28, 1995 Order is reversed.

7.  If the Updated Decree is not set aside the Water Court will have the authority to use, and is expected to rely upon, the Updated Decree to determine the ownership (as well as other details) of Carlton Creek decreed rights pursuant to   85-2-231, MCA.

8.  The District Court violated Article II, Section 9 of the Montana Constitution by issuing the 1989 Updated Decree without public notice or hearing, thereby depriving Jones and Lien of the right to examine the documents and observe the deliberations of the Court and others involved in developing the Updated Decree.

9.  Relators are entitled to attorney's fees.

Background

Without setting forth the Senior Water Masterþs findings verbatim, we provide the following factual background for purposes of placing our decision in proper context.

On February 21, 1902, the Hon. J. M. Clements entered his Findings of Fact, Conclusions of Law and Order in Cause No. 1835, Young v. Pendergrass, Fourth Judicial District in and for Missoula County ("the 1902 Decreeþ).  Judge Clements decreed 27 water rights on Carlton Creek, specifying the then current owners' names, the

flow rate, the priority date, and, in some instances, the ditch used to convey the water.

On January 31, 1989, the Hon. James B. Wheelis, the Hon. John S. Henson, the Hon. Jack L. Green and the Hon. Douglas G. Harkin, the four District Court Judges of the Fourth Judicial District, entered an Order Authorizing Updated Decree in Cause No. 1835, Young v. Pendergrass. The Order directs (1) that the title of the action be changed by adding þIn the Matter of the Adjudication of Carlton Creek;þ (2) that retired District Court Judge E. Gardner Brownlee be recalled to active duty to do the necessary research and prepare the updated decree; (3) that the Clerk of Court put the old decree in archives and prepare a modern file jacket for the updated decree and all subsequent filings; and (4) þ[t]hat the updated decree shall supersede all prior pleadings in this action relating to the matters contained in the updated Decree.þ

### The Necessity for the Updated Decree

The Judges of the Fourth Judicial District were concerned about the deteriorating physical state of the 1902 Decree. Because the 1902 Decree did not include place of use or legal descriptions, it had been, and would continue to be, necessary for the water commissioners, as well as the public, to handle the 1902 Decree and the initial pleadings. As the Senior Water Master noted, the 1902 Decree is indeed very fragile; the paper is thin and very brittle, the ink is faded and pages are tattered and ripped. The 1902 Decree has been kept in a folded envelope for as many as 94 years and it is now difficult to open and use the 1902 Decree without risking more damage. Accordingly, on January 31, 1989, the Judges of the Fourth Judicial District issued an Order Authorizing Updated Decree in Cause No. 1835.

On April 27, 1989, the Updated Decree Establishing Water Rights in Carlton Creek, Missoula County (þUpdated Decreeþ) was entered by the Hon. E. Gardner Brownlee. The Updated Decree includes ownership, priority date, flow rate, place of use and ditch used for each right. The Updated Decree also notes that some of the decreed rights were not claimed by any Statement of Claim in the ongoing Montana Water Court adjudication of water rights on Carlton Creek so that no elements of those water rights were decreed in the Updated Decree.

Relators Tim Lien and Katherine Jones, husband and wife, purchased their property and water right located within the Carlton Tracts in 1986. Their water right claim 76H-W-114356-00 is for a portion of Peter Hendrickson's second water right, in the amount of 150 miner's inches, decreed in 1902. As of the date of the Updated Decree, ten Statements of Claim had been filed with regard to Carlton Creek based upon the Hendrickson water right. The ten Statements of Claim exceed the 150 miner's inches of the Hendrickson right. This "overclaim" clearly evidences an existing ownership dispute which is the subject of the adjudication in the Montana Water Court.

Jones did not receive notice from the District Court, the Clerk's office or anyone else that the Order Authorizing an Update to the 1902 Decree had been entered. Lien did not receive notice that the 1902 Decree was going to be updated or that his water right was going to be adjudicated. Neither the 1989 Order Authorizing Updated Decree or the Updated Decree had a certificate of mailing indicating notice to Relators or to any other individuals or entities.

On September 11, 1995, after discovering that an Updated Decree had been entered, Relators filed a Motion to Amend and Set Aside Decree with the District Court of the Fourth Judicial District. On November 28, 1995, the Hon. Ed McLean issued an Order Denying the Motion. In its order, the District Court, referencing the on-going adjudication in the Water Court, stated that "[t]he matter of Carlton Creek has been reviewed by the Water Court in Bozeman, Montana before the Honorable Bruce Loble, Chief Water Judge. Therefore it is hereby ordered that all motions to set aside the decree of May 31, 1989 are denied as a new decree has been issued by the Water Court and that decree is controlling."

### Question Presented

The dispositive question presented by this petition is whether the substantive provisions of the Updated Decree in effect adjudicated water rights and thus exceeded the jurisdiction of the District Court.

### Discussion

Section 85-2-234(6), MCA, specifies the elements of existing water rights which

are to be adjudicated by the Montana Water Court. These elements are the name and address of the owner, the flow rate and/or volume as required, the priority date, the purpose (use), the legal description of the land to which the right is appurtenant (the place of use), the source, the point of diversion, the means of diversion, and the period of use each year.

The Order Authorizing Updated Decree does not specifically direct that the 1902 decreed rights be re-adjudicated. However, specific provisions of that Order state:

Finding of Fact 3 - To remedy this situation the 1902 decree should be reworked and expanded to include additional information such as the land description of the place of use, any subsequent court order defining a decreed right, the judicial knowledge of the court relating to present use of water, and information regarding ditches, lake storage water or any other information that is necessary for a water commissioner to have to properly perform his duty.

. . . .

Order number 3 - That the Clerk of this Court is instructed to place the old file in the archives of the court and prepare a new file jacket of modern design for this order, the updated decree and all subsequent papers filed that a [sic] filed in this cause.

Order number 4 - That the updated decree shall supercede all prior pleadings in this action relating to the matters contained in the updated Decree.

Pursuant to the directive of the Order Authorizing Updated Decree, the Updated Decree decrees the ownership, priority date, flow rate, place of use and means of diversion of the various rights. It thus constitutes a de facto adjudication of water rights.

The Water Court is presently in the process of adjudicating the rights to Carlton Creek. A Temporary Preliminary Decree of the North End Sub-basin of the Bitterroot River (Basin 76HB), was issued in September 1992, and included 92 claims for Carlton Creek waters. After the temporary preliminary decree is modified by the objection and hearing process, a final decree will be entered and will supersede both the original 1902 Decree and the Updated Decree. Section 85-2-234, MCA. However, in light of the "overclaim" status of claims on Carlton Creek in the Water Court, the Water Court's Temporary Decree will not effectively establish rights or priorities on Carlton Creek. Rather, the Updated Decree, unless reversed, will continue to control the determination and administration of water rights on Carlton Creek.

We determine that the District Court exceeded its jurisdiction in entering the Updated Decree. It is solely within the province of the Water Court, not the District Court, to determine priority dates, flow rates, place of use and means of diversions of the Carlton Creek water rights. See 85-2-234(6), MCA. We hold that the Updated Decree thus infringes upon the exclusive jurisdiction of the Water Court to determine these aspects of water right ownership. Mildenberger v. Galbraith (1991), 249 Mont. 161, 815 P.2d 130, involved Mildenbergers' claim of a prescriptive easement in a water ditch. We held that, while a district court may grant injunctive or other relief which is necessary and appropriate to preserve property rights or the status quo pending issuance of a final decree, the district court lacks jurisdiction to issue a final decree with regard to the water right. "The jurisdiction to interpret and determine existing water rights rests exclusively with the water courts. Section 3-7-501, MCA." Mildenberger, 815 P.2d at 134. This principle was reaffirmed in Baker Ditch Company v. District Court (1992), 251 Mont. 251, 255, 824 P.2d 260, 262:

By statute, the water court is vested with exclusive jurisdiction relative to all matters relating to the determination of existing water rights within the boundaries of the State of Montana.

Under certain circumstances a district court may "fill in" a pre-1973 water decree with further delineations such as time or season of use and acreage of application. Cate v. Hargrove (1984), 209 Mont. 265, 680 P.2d 952. However, the Updated Decree in question goes beyond "filling in" when it reallocates and adjudicates water rights that did not previously exist under the original 1902 Decree.

The Chief Water Court Judge, Hon. C. Bruce Loble, has filed an amicus brief in this matter in which he asserts that the Updated Decree was not intended as an adjudication of water rights. Rather, it was designed to formalize what would otherwise be a routine administrative function; that is updating the records of Carlton Creek to reflect who has succeeded to a particular water right. He points out that such updating is necessary when, over the course of time, original owners die or they sell or subdivide their property. In order to administer the water rights at the present time, the water commissioners need to know who the present owners are. Judge Loble argues that if Relators are as dissatisfied with the manner in which the water commissioners are administering or allocating the water on Carlton Creek, then their proper remedy is found in 85-5-301, MCA, which allows a person owning or using water from a stream and who is dissatisfied with the method of distribution of the waters by the water commissioner, to file an action in district court challenging the distribution. "If it appears to the judge that the water commissioner or water commissioners have not properly distributed the water according to the provision of the decree, the judge shall give the proper instructions for such distribution." Section 85-5-301(2), MCA.

Relators contend that 85-5-301, MCA, is not controlling since Relators are not dissatisfied with the manner in which the commissioner is administering the decree. Rather, they are contesting the very terms of the Decree itself; i.e., the Updated Decree. In other words, they contend that the problem lies, not with the commissioner, but with the substance of the Decree. We agree. While we acknowledge the practical problems inherent in administering a 95-year-old decree, those concerns do not change the fact that the Updated Decree purports to decree priority dates, flow rates and place of use. Section 85-5-301, MCA, assumes the decree is valid and merely allows the judge to give proper instruction for the distribution of water under the decree. If the substance of the decree itself is invalid as being in excess of the court's jurisdiction, then 85-5-301, MCA, affords no remedy.

For the above reasons, we vacate and set aside the 1989 Updated Decree. The jurisdiction of the District Court to supervise the distribution of water on Carlton Creek pursuant to the 1902 Decree or to address controversies as to such distribution shall be governed by the provisions of 85-2-406, MCA, as amended by Senate Bill 108 (1997). Having ruled that the Updated Decree exceeds the jurisdiction of the District Court, we need not discuss the other issues raised by the parties and the amicus, other than to address Relators' request for attorney fees.

Attorney Fees

Relators contend that when the District Court issued the Order Authorizing Updated Decree without providing Relators with notice of such proceeding, that they were denied their right to know under Article II, Section 9 of the Montana Constitution and thus they are entitled to an award of fees under 2-3-221, MCA.

Article II, Section 9 of the Montana Constitution provides as follows:

No person shall be deprived of the right to examine documents or to observe the deliberations of all public bodies or agencies of state government and its subdivisions, except in cases in which the demand of individual privacy clearly exceeds the merits of public disclosure.

Relators cite to Associated Press v. State (1991), 250 Mont. 299, 820 P.2d 421 (overruled in part on other grounds), for the proposition that Article II, Section 9 applies to officers of the district court. In Associated Press, this Court held that a statute which required the trial judge to keep under seal all affidavits filed in support of motions for leave to file charges or warrants was unconstitutional under Article II, Section 9's guarantee of the right to know. Although we held that there was a violation of the right to know, we denied attorney fees under 2-3-221, MCA, because the statute only allows fees to a plaintiff who "prevails in an action brought in district court. . . ." Since the

plaintiffs in Associated Press had bypassed district court and proceeded with an original action in the Supreme Court, we denied fees.  Associated Press, 820 P.2d at 423.

In the present case, Relators did present their claim for attorney fees under  2-3-221, MCA, to the district court.  However, their reliance on Associated Press is misplaced for substantive reasons.  In this matter, unlike Associated Press, there were no statutes or court orders preventing Relators from examining documents or observing deliberations of public bodies.  Rather, the court proceeded to update a water rights decree without notifying affected parties.  While such a procedure may raise questions of denial of due process of law under Article II, Section 17, it does not constitute a denial of the right to know under Article II, Section 9.  Accordingly, we hold that Relators are not entitled to an award of attorney fees under  2-3-221, MCA.

We reverse the District Court order and hereby vacate and set aside the 1989 Updated Decree.

/S/  W. WILLIAM LEAPHART


We concur:

/S/  J. A.  TURNAGE
/S/  KARLA M. GRAY
/S/  WILLIAM E. HUNT, SR.
/S/  JAMES C. NELSON
/S/  JIM REGNIER
/S/  TERRY N. TRIEWEILER