IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 03-453

_____

AMERICAN CANCER SOCIETY, AMERICAN LUNG ）
ASSOCIATION OF THE NORTHERN ROCKIES, ）
AMERICAN HEART ASSOCIATION, MONTANA ）
MEDICAL ASSOCIATION, PROTECTMONTANAKIDS.ORG, ）
MONTANA SENIOR CITIZENS ASSOCIATION, HELENA ）
HEALTH CARE ASSOCIATES, CITIZENS FOR A SMOKE ）
FREE BOZEMAN, CITIZENS IN SUPPORT OF HELENA'S ）
SECOND-HAND SMOKE ORDINANCE, UNITED TOBACCO ）
FREE COALITION, CITIZENS FOR A HEALTHY HELENA, ）
JERI LOU DOMME, MARK ZANZ, M.D., BARBARA ）            O R D E R
SUMMERS, TERRY CUREY, ALEXANDRA PHILLIPS, ）
DAVID B. KING. M.D., EDWARD G. ALLEN, M.D., ）
CRYSTAL BRIDGES, ERNESTO RANDOLFI, RON BONE, ）
PATRICK COBB. M.D., and DONNA WHITMAN, ）
                                                       ）
              Petitioners, ）
                                                       ）
       v. ）
                                                       ）
STATE OF MONTANA, ）
                                                       ）
              Respondent. ）

_____

Before this Court is the Petitioners' Petition for Original Proceeding. On various grounds, some constitutional and some procedural, Petitioners request this Court to declare unconstitutional House Bill 758 (to be codified at Title 7, Chapter 1, part 1) enacted by the 2003 Legislature and signed into law by Governor Judy Martz. Petitioners also request reasonable attorney fees and costs under the Private Attorney General doctrine. The State has responded.

We have reviewed the Petitioners' Petition and the State's response along with their

1

supporting legal memoranda and have determined to accept original jurisdiction of Petitioners' Petition in part. As to those issues on which we accept original jurisdiction, we conclude that they do not involve factual issues, but rather, they involve purely constitutional questions of major statewide importance thus satisfying the criteria articulated in *State ex rel. Racicot v. District Court* (1990), 244 Mont. 521, 524, 798 P.2d 1004, 1006, overruled in part by *Plumb v. Fourth Jud. Dist. Court* (1996), 279 Mont. 363, 927 P.2d 1011.

Specifically we accept original jurisdiction as to the following issues:

1. Whether HB 758 was enacted in violation of Article V, Section 11 (3) of the Constitution of Montana;

2. Whether HB 758 unconstitutionally deprives local governments and the people of the right of self-government in violation of Article XI, Section 6 of the Constitution of Montana;

3. Whether HB 758 unconstitutionally infringes on either (or both) the right of popular sovereignty (Article II, Section 1 of the Constitution of Montana) or the right of self-government (Article II, Section 2 of the Constitution of Montana); and

4. Whether Petitioners are entitled to their reasonable attorney fees under the Private Attorney General doctrine.

Because we believe that there are issues of fact to be resolved in the trial courts, we decline to accept jurisdiction of the question of whether HB 758 provides a compelling state interest to override the right to a clean and healthful environment under Article II, Section 3 of the Constitution of Montana. Similarly, we decline to accept jurisdiction of the question of whether HB 758 was enacted in violation of Joint Legislative Rules 10-130(4) and 40-70.

Having accepted original jurisdiction of the four issues above mentioned, it is necessary that we adopt a briefing schedule. Therefore,

IT IS ORDERED that Petitioners' brief on the merits of these issues shall be prepared, filed and served within 30 days of the date of this Order.

IT IS FURTHER ORDERED that the State shall thereafter have 30 days to file its response brief and that Petitioners shall thereafter have 14 days for reply.

IT IS FURTHER ORDERED that the motions to file briefs *amicus curiae* of the following are granted subject to the requirements hereafter set forth:

Tobacco Control Legal Consortium, Americans for Nonsmokers' Rights and MHA, An Association of Montana Health Care Providers, filed August 8, 2003;

National Center for Tobacco-Free Kids, filed August 26, 2003;

American Medical Association, filed August 26, 2003;

Montana League of Cities and Towns, filed August 26, 2003.

IT IS FURTHER ORDERED that other interested persons and organizations may file briefs *amicus curiae*. All briefs of *amici* shall be limited to the four issues on which we have accepted original jurisdiction. *Amicus* briefs supporting Petitioners shall be filed within the 30 days allowed Petitioners for the filing of their opening brief. *Amicus* briefs supporting the State shall be filed within the 30 days allowed the State for filing its response brief. The State may respond to *amici* supporting Petitioners in its response brief and Petitioners may respond to *amici* supporting the State in their reply brief.

IT IS FURTHER ORDERED that the Clerk of this Court give notice of this Order by mail to counsel of record for Petitioners, the State and *amici.*

3

DATED this 22nd day of October, 2003.

/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

Justice John Warner dissents.

I dissent. This Court should not assume original jurisdiction to decide any of the questions presented.

We assume original jurisdiction only when such is justified by circumstances of an emergency nature. Rule 17(a) M.R.App.P. Rule 17 suggests that an emergency may arise where consideration in the trial court followed by appeal to this court would be an inadequate remedy. The rule also suggests that an emergency may arise when supervision of the trial court, outside of the appellate process, is necessary or proper. In interpreting what is meant by "emergency," or "an inadequate remedy," or "necessary or proper" supervision, we have set forth several circumstances in which institution of original proceedings in the Supreme Court are justified. Those circumstances include situations where:

(1) constitutional issues of major statewide importance are involved;

(2) the case involves purely legal questions of statutory and constitutional construction;

(3) urgency exists, making the normal appeal process inadequate;

(4) the trial court is proceeding under a mistake of law and is thereby causing great injustice; or

(5) the interests of judicial economy are more efficiently served.

*Plumb v. Fourth Judicial District Court* (1996), 279 Mont. 363, 927 P.2d 1011.

Defendant, State of Montana, has indeed conceded that Plaintiffs have raised constitutional issues concerning HB 758 which have statewide implications. However, it

5

is obvious, and even the majority of this Court agrees, that Petitioners have presented issues that require factual findings and a trial. Thus, this case concerns more than purely legal questions. Petitioners cannot be faulted for presenting all the reasons they allege invalidate HB 758. They do not wish to discard an ace. However, by accepting jurisdiction over some, but not all, claims presented this Court now takes another step down the slippery slope of granting pre-trial appeals. This serious departure from our own rules does little more than encourage counsel and litigants to go first to the appellate court to get a final ruling on the law, and then, depending on the results, decide whether to go to trial.

I assume that the majority has not already decided that Plaintiffs will be successful in securing a ruling that HB 758 is unconstitutional. Granting this assumption, the litigants and the judge in the lawsuits in Lewis & Clark County now do not know whether to proceed with the remaining claims. Of course, they have no way to know whether or how our opinion will affect any issue or claim. If the suits below are held in abeyance for however long it takes this Court to enter its ruling, whether or not HB 758 survives those challenges we have accepted, when we are done such suits must then be resurrected in whole or in part, tried, judgment entered, and yet another appeal may well follow. This is hardly judicial economy.

I do not debunk the seriousness of the issues. But, there is time-honored wisdom in hearing an entire case, developing a complete record, trying all the issues in the District Court, securing a judgment one way or the other, and then proceeding to a thoughtful consideration by the parties whether an appeal is really necessary. If the parties and counsel, after considering both the decision of the District Court and their chances of success, decide

6

to appeal, one appeal is enough.

Another circumstance in which we will consider assumption of original jurisdiction requires that urgency and emergency factors exist, making the normal appeal process inadequate. Where is the emergency?

The parties inform us that there are four cities, Helena, Missoula, Great Falls, and Bozeman, that have passed ordinances restricting smoking. Petitioners argue that we must accept original jurisdiction to avoid a statewide substantive and procedural morass. However, we are also advised that no litigation has resulted from these ordinances other than in Helena. It seems that the other ordinances do not run afoul of HB 758. There is no indication that there will be other litigation, and no known substantive or procedural bog has developed. Again, where is the emergency?

There is no indication or argument that an undue amount of time will be consumed by continuing to judgment in the District Court on all of the claims presented. No request for an expedited hearing in the trial court has been made. Petitioners cite us to *Associated Press v. State* (1991), 250 Mont. 299, 300, 820 P.2d 421, (*rev'd in part by Plumb v. Fourth Judicial District Court* (1996), 279 Mont. 363, 927 P.2d 1011), wherein we stated:

> The Court agrees with plaintiffs that this is a constitutional issue of statewide importance and that **due consideration in the trial courts and due appeal to this Court would be an inadequate remedy because of the time necessarily involved.** [emphasis by Petitioners, Reply Brief, p. 12.]

From this statement, that timeliness is a critical factor in the decision whether to accept original jurisdiction, with which I agree, Petitioners somehow manage to successfully

argue that lapse of time is not a factor that we should consider in this instance. I must confess that I do not understand the argument, and I do disagree. In this instance, due consideration in the trial courts and due appeal would obviously be adequate, and better.

Apparently, Helena has the only ordinance that bans smoking under all circumstances in all public places. Several suits concerning Helena's ordinance are now proceeding through the First Judicial District Court. In one of these actions, enforcement of Helena's ordinance has been stayed for reasons unrelated to the claims in the present petition to assume original jurisdiction. Petitioners would have us believe that if this Court does not assume original jurisdiction over their claims, chaos will result. Thus, we are told, there is such urgency that we are compelled to side-step the District Court. Upon analyzing the information provided, it is clear a District Court decision would have the same immediate effect on smoking and non-smoking citizens as a decision by this Court, the only difference being that an appeal might follow a District Court decision. What Petitioners really have accomplished is an end run around the District Court so as to secure a final decision on a few of their claims, holding in reserve their remaining claims so that they can be presented to the District Court if they are unsuccessful here.

This case does not involve purely legal claims and this is not an emergency situation. Resolution in the trial court will not create a grave injustice. The fact that constitutional issues of statewide importance are involved does not automatically necessitate that we take the case out of the District Court's hands. District Courts are tasked with handling constitutional issues often and are well suited for that task. We should decline to accept

8

original jurisdiction.

/S/ JOHN WARNER

Chief Justice Karla M. Gray, dissenting.

Pending before us is an original proceeding petition for declaratory judgment raising many issues relating to HB 758, as passed by the 2003 Montana Legislature. HB 758 exempts premises with video gambling machines, all of which have been permitted pursuant to state law, from local smoking ordinances which are more restrictive than related Montana statutes and makes the exemption retroactive.

The petition requests that we declare Sections 1, 3, and 5(1) of the legislation unconstitutional or otherwise invalid under five different theories: 1) that HB 758 violates the fundamental right to a clean and healthful environment under Article II, Section 3, and the related duty set forth in Article IX, Section 1, of the Montana Constitution; 2) that HB 758 was enacted in violation of Joint Legislative Rules of the 2003 Montana Legislature; 3) that the legislation violates the "one subject" rule contained in Article V, Section 11(3) of the Montana Constitution; 4) that HB 758 unconstitutionally deprives local governments and the people of the right of self-government in violation of Article XI, Section 6 of the Montana Constitution; and 5) that the legislation infringes on the right of popular sovereignty and/or the right of self-government contained in Article II, Sections 1 and 2 of the Montana Constitution. In the event we determine to exercise our original jurisdiction over the petition, petitioners raise the additional issue of their entitlement to reasonable attorney fees under the private attorney general doctrine. Unlike the Court, I would decline to exercise original jurisdiction over any portion of the petition and, consequently, would not

10

address the attorney fee issue.

The Court's Order is succinct and to the point, characteristics which I ordinarily applaud. In my view, however, the Order fails to include underlying information needed to fully understand what is occurring here. I feel compelled to include that information.

First, the Court neglects to mention that many--and perhaps all--of these issues are currently pending in one of several District Court proceedings. Certainly, the "clean and healthful" issues are pending in the trial court, as is the "one subject" issue. I believe it is likely that the "self-government," "right of the people" and "proper sovereignty" issues also are pending, though it is impossible to determine without reviewing all the pleadings and motions--as well as the numerous affidavits--reflected on the case registers in those actions. In any event, petitioners make no showing that any of the issues they raise are not currently pending in the District Court.

The fact is that none of the issues has been resolved at this time in the trial court, which no doubt explains why petitioners have not brought a petition for writ of supervisory control. Such a petition can only be brought where a trial court is proceeding under a mistake of law and thereby causing a gross injustice. No action by a trial court equals no ability to bring such a petition. That situation does not, of course, mean that it is appropriate to bring to this Court issues pending in district court, as a way of circumventing ongoing proceedings in the trial courts. Indeed, petitioners here are doing just that and I disagree strenuously with the Court's notion that it is appropriate for us to exercise original jurisdiction under such circumstances.

11

The Court also neglects to list the actual test for our exercise of original jurisdiction in declaratory actions, stating only--in a conclusory fashion--that the petition satisfies the *Racicot* criteria. The third prong of the *Racicot* test for this type of original proceeding, however, is that "urgency and emergency factors exist, making the normal appeal process inadequate." *Racicot*, 244 Mont. at 524, 798 P.2d at 1006, *overruled on other grounds* in *Plumb*. The Court does not mention, much less discuss, this prong of the test and perhaps this omission is understandable.

Petitioners present only a short, conclusory paragraph in the petition which addresses this critical and necessary prong of the test:

> Finally, urgency and emergency factors exist, making the normal appeal process inadequate. Because of the immediate state-wide impact of this legislation, judicial economy and expediency require that these issues be addressed immediately on a state-wide basis. "[D]ue consideration in the trial courts and due appeal to this court [is] an inadequate remedy." Rule 17(a), M.R.App.P.

This is clearly insufficient to meet their burden of showing that the petition meets the *Racicot* test. If it were sufficient, the passage of nearly any legislation would be sufficient to invoke this Court's original jurisdiction since all--or nearly all--legislation has state-wide impacts. While petitioners substantially beef up their discussion of this prong in their reply brief, I would not address the newly added discussion. It is a petitioner's duty to make an initial showing that the case is appropriate for the exercise of original jurisdiction; petitioners cannot properly lay in the weeds, wait for the respondent to make its arguments against the exercise of supervisory control, and then finally make a substantive argument that should

12

have been made at the outset. In addition, it is important to observe that petitioners here are intervenors in some or all of the pending District Court proceedings, and they apparently have made no effort to expedite those proceedings. Indeed, according to the State, petitioners responded to the State's District Court motion to dismiss regarding the "one subject" rule by simply stating they would file a petition here. No explanation is provided as to why their various challenges to HB 758 were not offered in response to the motion to dismiss, as apparently was done by the City of Helena. The absence of timely and pertinent discussion about how and why "urgency and emergency" factors entitle petitioners to the exercise of our original jurisdiction in this proceeding is sufficient cause for me to decline to exercise such jurisdiction.

Moreover, I am not persuaded that the issues the Court accepts for original jurisdiction are purely issues of law which require no factual underpinnings. As only two examples, the four local ordinances which petitioners purport are affected by HB 758 differ from one another, especially with regard to the scope of the local ordinance; so, presumably, do the records upon which the different locales enacted their ordinances. It is simply unwise to assume no factual record is necessary on these matters--especially when the issues are already pending in the District Court.

For these reasons, while I agree with the Court that the "clean and healthful" and Joint Legislative Rules issues should be declined, I firmly believe the same is true of the other issues presented. The Court is simply--and unwisely--inserting itself into cases pending in the District Court without benefit of decisions by those courts or any factual record on these

important issues, and without the necessary showing by petitioners of urgent or emergency factors. Unless the issues have been predetermined here, I predict that the Court's approach will not only *not* produce any judicial economy at either the District Court or this Court, but may well result in yet more procedural snarls.

Finally, I note that the Court is providing petitioners yet another opportunity to brief the merits of the issues the Court has accepted. This is inappropriate, in my view. Petitioners must make--or fail to make--successful arguments on the merits in their petition; petitioners clearly briefed the merits in their petition here. We permitted the State to file a response limited, in its discretion, to the question of whether the exercise of original jurisdiction is appropriate here. The State's response is so limited.

On the basis of these two filings, I would--as discussed above--decline to exercise original jurisdiction in this matter. Since the Court has done otherwise, however, it strikes me that--at the very least--it ought to merely order a substantive response by the State to the merits of the petition and, thereafter, schedule *amici* briefs and responses thereto by whichever party is in opposition to those briefs. The Court's scheduling, even aside from the other matters discussed above about urgency and emergency, merely adds another period of 75 days to matters which could be moving to decision in the District Court. Added to the time already elapsed on this matter in this Court--which at the moment totals approximately three and one-half months--"urgency and emergency" and "judicial economy" become even more distant.

I would decline to exercise original jurisdiction over the petition in its entirety. I

dissent from the Court's failure to do so.

/S/ KARLA M. GRAY